**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv766
[ 3:01cr31-10]**

| | |
|---|---|
| DARIUS FREDRICKO DRUMMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's counseled motion for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (#3). The court has considered the pending motion and the government's timely response, in which it waives the statute of limitation and concedes that petitioner is entitled to vacation of his Section 922(g) conviction and is further entitled to be resentenced as to Count Four.

The court finds that petitioner has raised a pure Simmons claim challenging his 18 U.S.C. § 922(g) conviction in Count Seven in the underlying criminal case. Petitioner asserts actual innocence as such conviction was purportedly predicated on a now non-qualifying North Carolina offense. The government has waived the statute of limitations that would have otherwise been applicable under Section 2255(f) and conceded that petitioner is actually innocent of such offense. Based on such concessions as well as the court's independent review, the court concurs and will vacate the

conviction as to Count Seven.

As to Count Four, petitioner has raised a 21 U.S.C. § 841(b) sentencing enhancement claim under Simmons, in which he contends that he received a sentencing enhancement based on a now non-qualifying North Carolina offense, to wit, that petitioner received an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(a). The government concedes that defendant's sentence was improperly enhanced and requests that defendant be resentenced. After independent review, the court concurs. In Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), the Supreme Court held that depriving a sentencing court of discretion under an erroneously applied statutory minimum violates the Due Process Clause. Id. at 346 (recognizing a due process violation where an Oklahoma jury was erroneously instructed that it had to impose a mandatory prison term in accordance with a statute that was declared unconstitutional). Further, in Townsend v. Burke, 334 U.S. 736 (1948), the Supreme Court held that it violates a criminal defendant's right to due process to sentence the defendant "on the basis of assumptions concerning his criminal record which were materially untrue." Id. at 741. Thus, petitioner has stated a cognizable claim that his "sentence was imposed in violation of the Constitution," 28 U.S.C. §2255(a), and he is therefore entitled to relief he seeks. The court will, therefore, vacate the sentence imposed as to Count Four.

The court has now considered resentencing. According to the Supplement to Presentence Report filed August 20, 2012 in the underlying criminal action (in conjunction with review under Crack II), petitioner was sentenced to 160 months on

Count Four, based on an enhancement of the mandatory minimum to 240 months due to petitioner's prior, purportedly now non-qualifying, state drug offense.[1] Petitioner received a concurrent term of imprisonment of 160 months on Count Seven (the felon-in-possession conviction he challenges under Simmons), and he received a consecutive sentence of 80 months on Count Three (a § 924(c) violation), for a total sentence of 240 months. As discussed in the Screening Order, it appears that defendant *may* be entitled to immediate release or a time-served sentence. The court will, therefore, expedite resentencing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the petitioner's motion for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (#3) is **GRANTED,** the sentence imposed as to Count Four in 3:01cr31-10 is **VACATED**, the conviction imposed as to Count Seven in 3:01cr31-10 is **VACATED**, and the court will resentence defendant as to Count Four.

The Clerk of Court is instructed to place 3:01cr31-10 on for resentencing May 6, 2013, at 2 p.m. Pretrial services shall prepare an expedited confidential recommendation by Friday, May 3, 2013.

---

[1] The sentencing court varied downward from the enhanced mandatory minimum of 240 months based on a § 5K1.1 motion filed by the government.

Signed: April 26, 2013

Max O. Cogburn Jr.
United States District Judge